UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,       :        CASE NO. 1:90-CR-276
                                              :
            Plaintiff/Movant,            :
                                              :        ORDER AND OPINION
      vs.                                   :        [Resolving Doc. No. 85]
                                              :
TONY COSTER,                         :
                                              :
            Defendant/Respondent.  :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Movant Tony Coster requests relief from judgment pursuant to FED. R. CIV. P. 60(b)(6). Respondent Harley Lappin opposes the motion. Information has been presented to the Court that the movant's medical condition has drastically deteriorated. The movant's life expectancy has been reduced to a matter of weeks. Describing the movant's medical condition, Dr. Michael Anderson, the physician treating Coster at FMC Rochester, states: "It is my opinion that Mr. Coster's life expectancy is weeks to months, and I favor weeks. . . . In summary, I do not think he has long to live, and there is nothing we can do to help him, other than provide him with a comfortable and dignified death."

The unique circumstances of this case causes the Court to **GRANT** Coster's Motion for Relief From Judgment.

On December 13, 1984, the movant pled guilty to one count of robbery of a U.S. Postal Carrier in violation of 18 U.S.C. § 2114 and one count of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The movant was sentenced to ten years

Case No. 1:90-cr-276
Gwin, J.

imprisonment with regard to the robbery count and five years with regard to the possession with intent to distribute count to be served concurrently to one another and pursuant to 18 U.S.C. 4205(b)(2) with a special parole term of two years.

On December 17, 1990, a jury found the guilty of bank robbery and attempted escape. On February 26, 1991, the movant was sentenced to custody for a period of 240 months, as well as a three year term of supervised release.

The respondent opposes the movant's motion for relief for judgment, arguing that the Court lacks jurisdiction to review Coster's motion because he failed to exhaust administrative remedies under the Prisoner Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a). Specifically, the respondent says that the movant had the right to appeal the Warden's refusal through the Administrative Remedy Program, but failed to take such action. Accordingly, the respondent argues that under the Prisoner Litigation Reform Act the movant is now precluded from challenging his judgment. The Court disagrees.

Under the Prisoner Litigation Reform Act, a prisoner generally is required to exhaust all administrative remedies that are available before suing over the conditions of a prison, including the Warden's denial of his application for compassionate release. However, the Supreme Court has indicated that administrative exhaustion is not always required where such remedies would themselves be futile. For example, in *Presier v. Rodriguez* the Supreme Court acknowledged that "...if the prisoner could make out a showing that, because of the time factor, his otherwise adequate state remedy would be inadequate, a federal court might entertain his habeas corpus application..." notwithstanding the fact that the prisoner had not exhausted all administrative remedies otherwise available. 411 U.S. 475, 497 (1973).

Case No. 1:90-cr-276
Gwin, J.

Here, there is little doubt that pursuit of an administrative remedy by the movant would be futile.  Under the Administrative Remedy Program, Coster had a right to appeal the Warden's determination.  Under Section 542.18 of that program, however, the Regional Director would not be obligated to respond to an appeal for up to 30 calendar days.  Any subsequent appeal to the General Counsel would similarly engender up to a 40 calendar day delay.  In light of the fact that the movant's life expectancy can at best be numbered in weeks, Coster simply does not have sufficient time to avail himself of these administrative remedies.  Accordingly, the Court finds that the movant's failure to exhaust his administrative remedies is excusable in this instance.

For the reasons described above, the Court **GRANTS** Coster's Motion for Relief From Judgment.  As such, the Court orders that the movant's term of imprisonment resulting from his 1991 conviction is hereby reduced to time served.  The Court also orders that the defendant be released from custody to his family to serve his three year term of supervised release and his two year term of special parole as soon as his medical condition permits and travel arrangements can be made on his behalf.

IT IS SO ORDERED.


Dated:  October 26, 2006                             s/         *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE